**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DAVID AUSTIN** ) | |
| ) | **Civil Action No.** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **ER SOLUTIONS, INC.** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## COMPLAINT

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (hereafter the "TCPA"), and other common law claims.  These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff David Austin is an adult individual residing at 333 Laguna Avenue, Hemet, California 92543.

5.      Defendant ER Solutions, Inc. is a business entity that regularly conducts business in the Eastern District of Pennsylvania with its principal office located at 800 SW 39th Street, Renton, Washington 98057.  The principal purpose of Defendant is the collection of debts

already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

6.      At all pertinent times hereto, Defendant was hired to collect a debt owed by "LaDonna Malloy" (hereafter the "debt").

7.      The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8.      At all times material hereto and relevant hereto, Plaintiff did not owe the debt to Defendant and has never owed a debt to Defendant.

9.      At all times pertinent hereto, Defendant made use of an automotive telephone dialing system to contact Plaintiff.

10.     In or around October 2010, Defendant began contacting Plaintiff on his home and cellular telephones in an attempt to collect a debt owed by "LaDonna Malloy". During these conversations, Plaintiff advised Defendant that he was not "LaDonna Malloy" and to cease contacting him.

11.     Notwithstanding the above, in or around November 2010, Defendant continued to contact Plaintiff on his home and cellular telephones in an attempt to collect a debt owed by "LaDonna Malloy".

12.     Notwithstanding the above, in our around July 2011, after Defendant was aware that Plaintiff was represented by counsel, and after Defendant was made aware that Plaintiff was not responsible for the debt by counsel, Defendant nonetheless contacted Plaintiff yet again by telephone in an attempt to collect a debt owed by "LaDonna Malloy."

13.     Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any other person than the debtor for the purpose of acquiring anything other than the location information of the debtor.

14.     Defendant acted in a false, deceptive, misleading and unfair manner by communicating with a non-debtor on more than one occasion.

15.     Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any other person than the debtor in connection with the collection of the debt.

16.     Defendant acted in a false, deceptive, misleading and unfair manner by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

17.     Defendant acted in a false, deceptive, misleading, and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

18.     Defendant acted in a false, deceptive, misleading and unfair manner by engaging in false representation or deceptive means to collect or attempt to collect any debt.

19.     Defendant acted in a false, deceptive, misleading and unfair manner by communicating with a consumer they know or should know to be represented by an attorney.

20.     Defendant knew or should have known that their actions violated the FDCPA and the TCPA. Additionally, Defendant could have taken the steps necessary to bring their agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

21.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

22.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

23.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I - VIOLATIONS OF THE FDCPA

24.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

26.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

27.     The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

28.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(1), 1692b(3), 1692c(a)(2), 1692c(b), 1692d(5), 1692e(10), and 1692f, as evidenced by the following conduct:

(a)   Communicating with any other person than the debtor for the purpose of acquiring anything other than the location information of the debtor;

(b)   Communicating with a non-debtor on more than one occasion;

(c)   Communicating with any other person than the debtor in connection with the collection of the debt;

(d)   Communicating with a person known to be represented by an attorney in connection with collection of the debt;

(e)   Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number;

(f)   Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt; and

(g)   Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

29.   Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

30.   As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorneys' fees and costs.

## COUNT II – VIOLATIONS OF THE TCPA

31.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32.     At all times relevant hereto, Defendant used, controlled and/or operated an "automatic telephone dialing system" as defined by § 227(a)(1) of the TCPA.

33.     Defendant initiated multiple calls to Plaintiff's telephone using an automatic telephone dialing system to make calls without the express consent of Plaintiff in violation of 47 U.S.C. §§ 227(b)(1)(A)(iii) of the TCPA.

34.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

35.     As a result of the above violations of the TCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory, actual, and treble damages.

## COUNT III – INVASION OF PRIVACY

36.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37.     Defendant's conduct, including but not limited to continuing to contact Plaintiff in an attempt to collect a debt that he did not owe, constitutes an invasion of privacy.

38.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## JURY TRIAL DEMAND

39.     Plaintiff demands trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorneys' fees; and

(e) Such other and further relief as may be just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C**.

BY:    */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
GREGORY J. GORSKI, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

DATE: September 27, 2011